```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**VICTOR SMITH,**

                Petitioner,

     v.                              CASE No. 12-3168-SAC

**DAVID R. McKUNE, et al.,**

                Respondents.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se and seeks leave to proceed in forma pauperis. Because the record reflects that petitioner has submitted the full filing fee, the court will deny his motion to proceed in forma pauperis as moot.

**Background**

Petitioner was convicted of two counts of first-degree murder in 1993. His convictions were affirmed on direct appeal. *State v. Smith*, 904 P.2d 999 (1995). It appears petitioner took no other action to challenge his conviction until 2004, when he filed a state post-conviction action pursuant to K.S.A. § 60-1507. That matter was summarily dismissed, and the Kansas Court of Appeals affirmed the dismissal in 2006. *Smith v. State*, 144 P.3d 81, 2006 WL 3000776 (Kan. App. 2006). Petitioner's motion to recall the mandate and file a petition for review out of time was denied in December 2006. It appears petitioner took no additional action until he filed the present habeas corpus petition on July 31, 2012.

**Discussion**

This habeas corpus action is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA includes a one-year limitation period for filing a habeas corpus action. *See* 28 U.S.C. § 2244(d).

Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

  (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(1) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section. 28 U.S.C. § 2244(d).

Where, as here, a petitioner's conviction became final before the AEDPA took effect on April 24, 1996, the petitioner was allowed to and including April 24, 1997, to file a habeas corpus petition and avoid the one-year limitation period. *See Fisher v. Gibson*, 252 F.3d 1135, 1142 (10th Cir.2001)("Where a conviction became final before AEDPA took effect,…the one year limitation period for a federal habeas petition starts on AEDPA's effective date, April 24,1996.") The record does not suggest that petitioner pursued any state post-conviction action between the time his conviction became final 90 days after the Kansas Supreme Court affirmed his conviction on October 27, 1995[1], and April 24, 1997. Accordingly, this matter is not timely unless equitable tolling applies.

AEDPA'S one-year limitation period is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, __ U.S. __, __, 130 S.Ct. 2549, 2560 (2010). Such tolling is available "only in rare and exceptional circumstances." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir.2011).

Generally, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Sigala*, *id*. No basis for equitable tolling appears in the present record.

---

[1] *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007)(a conviction becomes final for habeas corpus purposes upon the expiration of the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court).

Accordingly, the court will direct petitioner to show cause why this matter should not be dismissed due to his failure to timely commence this action. Petitioner's response should also address any grounds for equitable tolling.

Also before the court are petitioner's motions for the appointment of counsel (Doc. 3), for service of alias subpoena (Doc. 5), and for a pretrial case management conference (Doc. 7).

There is no constitutional right to the appointment of counsel in a federal habeas corpus action. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). The decision to appoint counsel lies in the discretion of the court. *Swazo v. Wyoming Dep't. of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). *See also* 18 U.S.C. § 3006A(a)(2)(B)(the court may appoint counsel in an action under § 2254 where "the interests of justice so require").

Factors to be considered by the court include "the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir. 1991).

Because the court has identified a possible defect in the timeliness of this matter, the court finds no reason to appoint counsel at this time. Petitioner's motion is denied with leave to renew the motion should this matter proceed to review on its merits.

Next, petitioner's motion for service of alias subpoena upon David McKune, his custodian, is denied. Should the court determine

a responsive pleading is required in this matter, the court will enter an order to show cause to the respondent as contemplated by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. However, until the court resolves the timeliness of this action, no such order will be entered.

Petitioner also seeks a pretrial case management conference pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to the extent that the practice in such proceedings are not set forth in the statutes of the United States and has heretofore conformed to the practice of civil actions." Fed.R.Civ.P. 81(a)(2). Rule 16(b) provides for the issuance of a scheduling order but allows the federal courts to create categorically exemptions to this requirement. The District of Kansas has exempted all cases filed by prisoners from the requirement of a scheduling order under Rule 16(b) but allows the court to impose such requirements in order to effectively manage an action. *See* D. Kan. R. 9.1(k). Because the court's preliminary screening has identified a possible defect in the timeliness of this matter, there is no basis at present for a case management conference or scheduling order.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to proceed in forma pauperis (Doc. 2) is denied as moot.

IT IS FURTHER ORDERED petitioner's motion for the appointment of counsel (Doc. 3), for service of alias subpoena (Doc. 5), and for a pretrial case management conference (Doc. 7) are denied.

IT IS FURTHER ORDERED petitioner is granted to and including November 19, 2012, to show cause why this matter should not be dismissed as untimely for reasons set forth herein. Petitioner's response should also address any grounds for equitable tolling. The failure to file a timely response may result in the dismissal of this matter without additional prior notice to the petitioner.

**IT IS SO ORDERED.**

A copy of this order shall be transmitted to the petitioner.

DATED:  This 18th day of October, 2012, at Topeka, Kansas.

```
                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge
```