```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**VICTOR SMITH**,

                    **Petitioner**,

        **v.**                                  **CASE NO. 12-3168-SAC**

**DAVID R. McKUNE, et al.,**

                    **Respondents.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. After conducting a preliminary review of the petition, the court issued an order directing petitioner to show cause why this matter should not be dismissed as untimely. Petitioner filed a timely response.

*Background*

As set out in the court's earlier order, petitioner was convicted of two counts of first-degree murder in 1993. These convictions were affirmed on appeal. *State v. Smith*, 904, P.2d 999 (Kan. 1995). The court has identified no other action to challenge the conviction until 2004, when petitioner filed a state post-conviction action. That matter was summarily dismissed, and the dismissal was affirmed on appeal. *Smith v. State*, 144 P.3d 81, 2006 WL 3000776 (Kan. App. 2006). Petitioner's application for review out of time was denied in December 2006, and the court has found no action by the petitioner until he commenced this action on July 31, 2012.

*Discussion*

This matter is subject to the one-year limitation period set

forth at 28 U.S.C. § 2244(d). In his response to the order to show cause, petitioner seeks equitable tolling in this matter. He asserts he has sought assistance from other inmates since 1993; he also appears to assert that he was incompetent to proceed at trial and that his counsel was ineffective[1].

To qualify for equitable tolling, petitioner must demonstrate both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2561 (2010)(internal quotation omitted). *See also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."), *cert. denied*, 531 U.S. 1194 (2001). Equitable tolling is limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 800 (10th Cir. 2000).

Having carefully considered the petitioner's response, the court finds no ground for equitable tolling. Petitioner makes only bare assertions of incompetency, and his lack of familiarity with legal procedures does not warrant equitable tolling.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed as untimely.

A copy of this order shall be transmitted to the petitioner.

---

[1] It does not appear that any claim of mental incompetency was presented to the state courts in petitioner's criminal proceedings or in the state post-conviction action. *See State v. Smith*, 904 P.2d 999 (Kan. 1995)(direct appeal), and *Smith v. State*, 144 P.3d 81 (Table), 2006 WL 3000776 (Kan.App. 2006)(appeal from summary dismissal of state post-conviction action). Likewise, while he asserted a claim of ineffective assistance of counsel in his unsuccessful post-conviction action, it does not appear that he alleged counsel was ineffective in failing to present a claim concerning petitioner's competency.

**IT IS SO ORDERED.**

DATED:  This 18th day of December, 2012, at Topeka, Kansas.

>S/ Sam A. Crow
>SAM A. CROW
>U.S. Senior District Judge